IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case No. 07–cr–00111–EWN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  MARTINO WIDJAJA,

      Defendant.

_____

## ORDER AND MEMORANDUM OF DECISION
_____

This is a criminal case in which *pro se* Defendant Martino Widjaja appeals his conviction before a magistrate judge for possession of a firearm on Veteran's Administration ("VA") property. This matter is before the court on Defendant's: (1) "Opening Brief," filed May 18, 2007; (2) Motion for Assignment of Counsel," filed May 16, 2007; and (3) "Motion for the Seizure of Evidence," filed May 21, 2007. Jurisdiction is premised upon 18 U.S.C. § 3402 (2006).

## FACTS

### 1.    *Facts*

The following factual findings were made by the magistrate judge after conducting a trial on the charge against Defendant; Defendant does not challenge these findings on appeal:

Michael O'Bannon, a medical technologist at the VA Medical Center [in Grand Junction, Colorado] and a co-worker of the Defendant, testified that on November 27, 2006 at about 11:00 A.M. he saw a fanny pack hanging on a hook on a wall of the men's restroom on the second floor of the [VA] Medical Center in the lab section. O'Bannon testified that after hanging his coat on an adjacent hook he became concerned, after bumping the fanny pack, that there was a weapon in the fanny pack. O'Bannon testified that he opened the fanny pack and saw the butt of a pistol inside the fanny pack. He reported his discovery to his supervisor Pat White. Supervisor White alterted the VA police. VA police (Officers Eisenach and Hill) went to the area of the men's bathroom with O'Bannon, retrieved the fanny pack identified by O'Bannon from the hook on the men's bathroom wall, opened the fanny pack and found inside the fanny pack a Smith and Wesson semi-automatic [nine millimeter] blue steel weapon with loaded magazine. There were no rounds of ammunition in the chamber of the weapon. The VA police officers also found in the fanny pack the Defendant's VA ID badge on a lanyard, a transit bus pass, a [VA] canteen charge card, a fleece face mask, personal medications, and coins wrapped in two socks.

The Defendent in this same time period had reported to his supervisor Pat White that his fanny pack was missing. The Defendant was advised by Supervisor White to report the missing fanny pack to the VA police, which the Defendant did. After VA police officers Eisenach and Hill retrieved the fanny pack from the men's bathroom, they questioned the Defendant in an office at the VA Medical Center, about Defendant's missing fanny pack. The Defendant described for the officers all the items found in his missing fanny pack, except the gun. When the Defendant was advised by the officers that his fanny pack had been located and that it also contained a gun, the Defendant stated to the police officers that he did not know there was a pistol in the fanny pack. The Defendant admitted to owning the pistol found in the fanny pack, which he had purchased at Big J Jewelry and Loan in Grand Junction, Colorado.

The Defendant told the officers that he usually kept the gun locked in his truck, to which only he had the key, and that he almost always had his pack with him. When questioned by Officer Hill how the gun could have gotten into the pack, the Defendant shrugged his shoulders.

. . . .

Signs posted at the main entrance to the VA Hospital state that the possession of firearms on VA property is not permitted and is against the law.

2

(*United States v. Widjaja*, Case No. 07–PO–00003–GJR at 1–2 [Order] [Feb. 9, 2007]

[hereinafter "Order"].)

In his closing statement before the magistrate, Defendant stated that he did not bring the

gun into the Hospital and opined it was placed in his fanny pack by one or more co-workers with

whom he was having difficulties.  (*Widjaja*, Case No. 07–PO–0003–GJR at 56–57 [Tr.] [Feb. 6,

2007] [hereinafter "Tr."].)  Defendant did not explain how any co-workers may have gained

access to his gun.

The magistrate concluded that the Government had proven beyond a reasonable doubt

that on November 27, 2006, Defendant possessed a firearm while on VA property in violation of

38 C.F.R. § 1.218(b)(37).  (Order.)

## 2.    *Procedural History*

On February 6, 2007, Plaintiff was tried before a magistrate judge in Grand Junction

Colorado for the misdemeanor of possession of a firearm on VA property.[1]  (*Id.* at 1.)  On

February 9, 2007, the magistrate found Defendant guilty beyond a reasonable doubt of the

accused crime.  (*Id.*.)  On March 19, 2007 Defendant filed a notice of appeal to this court.

(Notice of Appeal to Dist. Ct. [filed Mar. 19, 2007].)  On May 16, 2007, Defendant filed a motion

for assignment of counsel.  (Mot. for Assignment of Counsel [filed May 16, 2007] [hereinafter

"Def.'s Mot. for Assignment of Counsel"].)  On May 18, 2007, Defendant filed his opening

---

[1]Pursuant to the Federal Magistrates Act of 1979, specially designated magistrates "shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district."  18 U.S.C. § 3401(b) (2006).

appellate brief, arguing: (1) the magistrate erred in failing to appoint counsel; (2) his fanny pack

was illegally searched; (3) the evidence against him was insufficient to support a conviction; and

(4) he was improperly terminated from the VA as a result of his conviction.  (Opening Br. [filed

May 18, 2007] [hereinafter "Def.'s Br."].)  On June 5, 2007, the Government filed a responsive

brief.  (Pl.-Appellee's Opening Br. [filed June 5, 2007].)  On June 25, 2007, Defendant filed a

reply in support of his opening brief.  (Motion to Answer [filed June 25, 2007] [hereinafter

"Def.'s Reply"].)  On June 26, 2007, Defendant filed a supplement to his reply.  (Mot. to Answer

[filed June 26, 2007].)  Additionally, on May 21, 2007, Defendant filed a motion for the seizure of

evidence. (Mot. for the Seizure of Ev. [filed May 21, 2007] [hereinafter "Def.'s Mot for Seizure

of Ev."].)  These issues are fully briefed and ripe for review.

## ANALYSIS

### 1.   Standard of Review

A criminal defendant convicted by a federal magistrate's judgment has an appeal of right

to the district court of the district in which the offense was committed.  18 U.S.C. § 3402 (2006).

Under Federal Rule of Criminal Procedure 58, "[t]he scope of the appeal is the same as in an

appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P.

58(g)(2)(d) (2007).  I note the standard of review for each issue where appropriate below.

### 2.   Evaluation of Claims

#### a.   Brief on Appeal

Defendant's convoluted brief makes deciphering his arguments a herculean task.

Nonetheless, the court affords a liberal construction to the pleadings of a defendant appearing *pro*

*se*. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).  Affording Defendant such a liberal construction, he appears to argue: (1) the trial court erred in failing to appoint counsel for Defendant; (2) his fanny pack was subject to improper search and seizure; (3) the trial court's verdict is not sufficiently supported by evidence; and (4) his termination from employment was an improper result of his conviction.  (Def.'s Br.)  I consider each argument in turn.

First, Defendant's brief suggests the magistrate erred in failing to assign counsel.  (Def.'s Br. at 3.)  The magistrate found counsel need not be appointed because the crime for which Defendant was charged was a petty offense, and, in the event Defendant were found guilty, no jail term would be imposed.  (Tr. at 3.)  These latter two findings are undisputed.  (*See* Def.'s Br.; Def.'s Reply.)  I review this question of law *de novo*.  *United States v. Maxwell*, 184 F. App'x 708, 710 (10th Cir. 2006).  Under the relevant provisions of 18 U.S.C. § 3006A, Defendant was only due appointment of counsel if he was charged with a felony or Class A misdemeanor, or was facing a potential loss of liberty.  *See* 18 U.S.C. § 3006A (2006).  Here, Defendant was not facing possible jail time and the right to counsel does not extend to petty offenses, such as the one at issue.  *United States v. Reilley*, 948 F.2d 648, 650 n.5 (10th Cir. 1991).  Thus, the magistrate did not err in denying Defendant appointment of counsel.

Second, Defendant suggests his fanny pack was improperly seized and searched.  (Def.'s Br. at 2–3.)  "When a motion to suppress evidence is raised for the first time on appeal, [this court] must decline review."  *United States v. Brooks*, 438 F.3d 1231, 1240 (10th Cir. 2006); *see* Fed. R. Crim. P. 12(e) (2007) (mandating that a motion to suppress evidence must be made before trial).  Defendant did not object to the admission of any evidence against him.  (*See* Tr. at

5

6–7.)  Prior to trial, he told the Government that he had no objection to the exhibits they intended

to offer at trial, which included the fanny pack.  (*Id.*)  Defendant confirmed his lack of objection

to the magistrate during the trial.  (*Id.* at 7.)  Based on the foregoing, I find Defendant has waived

his right to contest admission of the fanny pack as evidence against him.

Third, Defendant suggests the evidence against him was insufficient to support a

conviction, particularly considering his testimony that someone else had planted his gun in his

fanny pack. (Def.'s Br. at 2–3; Def.'s Reply at 1–2.)  The court reviews the sufficiency of

evidence supporting a criminal conviction *de novo*.  *United States v. Nickl*, 427 F.3d 1286, 1300

(10th Cir. 2005).  A challenge to the sufficiency of evidence to support a conviction may only be

sustained if no rational trier of fact could have found the existence of the essential elements of the

offense beyond a reasonable doubt.  *United States v. Haslip*, 160 F.3d 649, 652 (10th Cir. 1998).

Moreover, the reviewing court must view the evidence and the reasonable inferences to be drawn

therefrom in a light most favorable to the government, without weighing conflicting evidence or

considering the credibility of witnesses.  *Id.* at 653.

Defendant does not contest his possession of a firearm on VA property.  (*See* Def.'s Br.;

Def.'s Reply.)  He contests only a single relevant factual issue — that he placed the gun inside his

fanny pack.  (*See* Def.'s Br. at 2–3; Def.'s Reply at 2.)  Defendant does not deny that he generally

kept his gun locked in his truck and that no one else had the key to his truck.  (*See* Def.'s Br.;

Def.'s Reply.)  He states that he last saw the weapon on his bed at his home.  (Def.'s Br. at 3.)

He does not claim that he has any evidence that someone broke into his home.  (*See id.*)  In fact,

Defendant does not conjecture any method by which one of his co-workers may have gained

6

access to his gun.  Making all reasonable inferences in favor of the government, I find a rational

trier of fact could have found Defendant placed his own gun inside his own fanny pack.

Accordingly, I find there was sufficient evidence to support Defendant's conviction.

Fourth and finally, Defendant argues he was improperly terminated from his employment

due to his conviction.  (*Id.* at 3–4.)  Because the court did not impose a sentence mandating

Defendant's termination, he has no basis to challenge the action on appeal.

### b.      *Motion for Assignment of Counsel*

Defendant moves this court to assign counsel.  (Def.'s Mot. for Assignment of Counsel.)

As noted above, there is no rule of law permitting, much less mandating, assignment of counsel

for petty offenses not subject to a term of confinement.  (*See Analysis* § 2a, *supra.*)  Thus,

Defendant's motion is denied.

### c.      *Motion for Seizure of Evidence*

Finally, Defendant moves this court to seize a white GMC Sonoma pick-up truck "as

material evidence for the proofs of charges made against employees and management at [the] VA

[Medical Center in] Grand Junction, Colorado; until dust samples can be taken and tested" from

Defendant's home.  (Def.'s Mot. for Seizure of Evidence.)  Quite frankly, this court is clueless as

to the basis upon which Defendant seeks seizure.  Setting aside the fact that Defendant cites no

rule of law permitting seizure, Defendant also fails to note: (1) who owns this truck; and (2) in

what way the truck is relevant to the instant action.[2]  Based on the foregoing, the court must deny Defendant's motion.

**3.     *Conclusion***

Based on the foregoing, it is therefore ORDERED that:

1.      The magistrate's order of conviction is AFFIRMED;

2.      Defendant's motion for appointment of counsel (#13) is DENIED;

3.      Defendant's motion for seizure of evidence (#16) is DENIED.

Dated this 9th day of August, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge

---

[2]The court can only presume that Defendant wants these "dust samples" tested for anthrax, as he states in his briefs on appeal that some of his co-workers have been attempting to kill him by contaminating his car and home with anthrax.  (*See* Def.'s Br. at 4; Def.'s Reply at 3.)