IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case No. 07–cr–00111–EWN

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MARTINO WIDJAJA,

 Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

 This motion arises from a criminal case in which *pro se* Defendant Martino Widjaja was convicted of misdemeanor possession of a firearm on Veteran's Administration ("VA") property. This matter is before the court on Defendant's motion to show excusable neglect or good cause regarding his untimely notice of appeal, filed January 2, 2008.[1] Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

**FACTUAL BACKGROUND**

 On February 6, 2007, Defendant was convicted by a magistrate judge in Grand Junction, Colorado, for misdemeanor possession of a firearm on VA property. (*United States v. Widjaja*,

---

[1]Defendant's motion bears no title, simply stating: "[S]tatus." (*See* Status [filed Jan. 2, 2008] [hereinafter "Def.'s Cause Mot."].)

Crim. Action No. 07–po–00003–GJR [filed Feb. 6, 2007].) On August 9, 2007, I affirmed this conviction. (Order and Mem. of Decision [filed Aug. 9, 2007].)

On September 5, 2007, Defendant filed a notice of appeal to the Tenth Circuit. (Mot. to [sic] Appeal [filed Sept. 5, 2007].) On November 13, 2007, the Tenth Circuit partially remanded to permit Defendant to demonstrate excusable neglect or good cause for his failure to timely file his notice of appeal. (Order [filed Nov. 13, 2007].)

On December 13, 2007, I ordered Defendant to file a motion by January 3, 2008, showing excusable neglect or good cause for his failure to timely file the notice of appeal. (Order [filed Dec. 13, 2007].) On January 2, 2008, Defendant filed a four-sentence motion that read:

> Upon [r]eceiving [m]otion to [v]acate appeal, I ask [sic] information about when I could file an appeal of courts [sic] decision. The person with whom I was speaking stated that she was not allowed to give me legal advise [sic] and referred me to the courts [sic] web site [sic]. Upon searching the website I read that I had [forty] days in which to file the appeal of Judge Nottinghams [sic] verdict. S[o], at [thirty] days I appealed the judgement.

(Def.'s Cause Mot. at 1.) This matter is ripe for review.

## ANALYSIS

*1.    Standard of Review*

Federal Rule of Appellate Procedure 4(b)(1)(A) requires a criminal defendant to file a notice of appeal "within [ten] days after . . . the entry of judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A) (2008). However, upon a finding of "excusable neglect or good cause," the district court may extend the period for filing a notice of appeal by up to thirty days. Fed. R. App. P. 4(b)(4) (2008).

2

In determining whether there is "excusable neglect," a district court considers: "[1] the danger of prejudice to the nonmoving party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Cerno*, 220 F. App'x 822, 823 (10th Cir. 2007) (citations and internal quotation marks omitted). These factors "are not to be given equal weight," and the question of "fault (i.e., the third factor) is a very important factor and, arguably, the most important factor in the analysis of whether neglect should be deemed excusable." *Id.* (citations and internal quotation marks omitted). A defendant bears the burden of establishing sufficient reason for his failure to comply with the filing requirements. *United States v. Chavez*, 17 F. App'x 847, 849 (10th Cir. 2001). The court will afford a liberal construction to the pleadings of defendants appearing *pro se*. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

## 2. *Evaluation of Claims*

Liberally construed, Defendant's argument is either that: (1) he misconstrued accurate information on this court's website; or (2) this court's website contains inaccurate information that led him astray. (*See* Def.'s Cause Mot.) For the reasons set forth below, I find that, under either iteration of this argument, Defendant has failed to demonstrate "excusable neglect or good cause." Fed. R. App. P. 4(b)(4) (2008).

### a. *Misconstruing Accurate Information on This Court's Website*

Although "excusable neglect" is not strictly limited to omissions caused by circumstances beyond a litigant's control, the Supreme Court has held that "inadvertence, ignorance of the rules,

3

or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 392 (1993).

In the instant case, I find that Defendant's potential misconstruction of accurate information on this court's website would not constitute "excusable neglect." *See Pioneer Inv. Servs.*, 507 U.S. at 392. Although this court has no reason to question Defendant's good faith in making any such mistake, and the danger of prejudice to the government and the impact of further delayed proceedings might well be minimal,[2] I find that the factor of Defendant's "fault" in misconstruing accurate information would necessarily defeat any claim of excusable neglect. *See Cerno*, 220 F. App'x at 823 (finding "fault" is arguably the most important factor in analyzing excusable neglect claims). In a broadly analogous case, the Tenth Circuit held that a litigant's "ignorance of the filing procedure" was not excusable neglect in part because "it was well within [the litigant's] *power* to file a timely notice of appeal." *United States v. Dowling*, 211 F. App'x 733, 735 (10th Cir. 2007) (emphasis added). By contrast, the Tenth Circuit has found "excusable neglect" primarily under extreme or unusual circumstances, as when a litigant was "seriously ill and heavily medicated during the time in which he was required to appeal," and had also been improperly denied the aid of counsel. *See United States v. Andrews*, 790 F.2d 803, 806 (10th Cir. 1986); *see also United States v. Gibson*, 832 F. Supp. 324, 327 (D. Kan. 1993) (stating that "[c]ircumstances giving rise to excusable neglect include failure to learn of the entry of judgment,

---

[2]I make no finding with respect to these facts as Defendant has proffered no evidence with which to assess either the potential prejudice to the government or the effect of potential delay despite his evidentiary burden. (*See* Def.'s Cause Mot.)

unpredictable events affecting the delivery of notice of appeal to the clerk, uncontrollable delays in mail delivery, illness of counsel, and unpredictable events affecting the feasibility of appeal"). Because I find no extreme or unusual circumstances attending Defendant's possible misconstruction of information on this court's website, I hold that any such misconstruction, standing alone, is insufficient to demonstrate excusable neglect.

Moreover, I find that Defendant's *pro se* status does not affect the above conclusion. *See United States v. Williams*, 179 F. App'x 522, 525 (10th Cir. 2006) ("*Pro se* status does not excuse the obligation to file a timely Notice of Appeal."). Defendant has pointed to no rationale for his delay other than pure mistake, and I find such mistake insufficient standing alone to constitute excusable neglect. *See*, *e.g.*, *Gibson*, 832 F. Supp. at 327 (finding, on similar facts with respect to a *pro se* plaintiff, that "no circumstances arise in this case to warrant a departure from the general rule that ignorance of the law does not constitute excusable neglect").

### b. *Possibility of Inaccurate Information on This Court's Website*

With respect to the possibility that Defendant was led astray by inaccurate information on this court's website, I find Defendant has failed to carry his burden of proving the website contains or contained any erroneous information. *See Chavez*, 17 F. App'x at 849 (a defendant bears the burden of establishing sufficient reason for his failure to comply with the filing requirements). For instance, Defendant has appended no copy of such inaccurate information to his instant motion, and has provided no hint as to where such allegedly inaccurate information might be — or might, in the past, have been — found. (*See* Def.'s Cause Mot.) If litigants could excuse their neglect of deadlines set forth in the rules of procedure merely by asserting — without

evidentiary support — that they relied on an incorrect version of the relevant rule, then the court would be at the mercy of unscrupulous litigants. Absent proof of reliance on a misstated rule, the court cannot take a litigant at his word. Accordingly, I decline to consider further how potentially inaccurate information on this court's website might have impacted the timeliness of Defendant's notice of appeal.

*3. Conclusion*

Based on the foregoing, it is therefore ORDERED: that

1. Defendant's motion to show good cause or excusable neglect (#36) is DENIED.

Dated this 11th day of February, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge